IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RYAN FREDERICKS and ALICIA
FREDERICKS,

        Plaintiffs,                          Civil Action No.

    v.

ASSURANT SPECIALTY, AMERICAN
SECURITY INSURANCE COMPANY, and
ROCKET MORTGAGE, LLC,

        Defendants.

## NOTICE OF REMOVAL

Defendants American Security Insurance Company ("ASIC") and Assurant Specialty[1], by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal to remove this case to the United States District Court for the Eastern District of Pennsylvania, stating as follows:

**I.    INTRODUCTION**

1. On January 8, 2026, Plaintiffs Ryan and Alicia Fredericks ("Plaintiffs") initiated this breach of contract action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, naming Assurant Specialty, ASIC, and Rocket Mortgage, LLC ("Rocket") (Assurant Specialty and ASIC are collectively referred to as the "Removing Defendants," and the Removing Defendants and Rocket are collectively referred to as the "State Court Defendants") as defendants (the "State Court Action"). A true and correct copy of the docket and copies of all process, pleadings and orders served upon the Removing Defendants in the State Court Action

---

[1] "Assurant Specialty" is improperly named in this lawsuit as it is not a corporate entity; Assurant Specialty is a name used at ASIC to refer to a business division of ASIC. Out of an abundance of caution, Assurant Specialty is included in the definition of Removing Defendants herein but only for purposes of this Notice.

from the Court of Common Pleas of Philadelphia County, Pennsylvania are attached hereto as Exhibit 1.

2. Plaintiffs' Complaint was filed in the Court of Common Pleas of Philadelphia County at Docket No. 260100986. *See* Exhibit 1.

3. No earlier than February 12, 2026, ASIC received a copy of the Complaint via Certified Mail Return Receipt Requested. Plaintiffs have not yet filed a Proof of Service indicating service of the Complaint upon ASIC.

4. Assurant Specialty has not been served with a copy of the Complaint; however, as set forth *supra* in footnote 1, "Assurant Specialty" is not a corporate entity; Assurant Specialty is a name used at ASIC to refer to a business division of ASIC. Assurant Specialty is therefore a fictitious entity that does not exist.

5. Upon information and belief and as reflected on the docket, there is no indication that co-defendant Rocket has been properly served as of the date of this filing.

6. No other proceedings have taken place in the State Court Action, and all filings on the docket in the State Court Action have been attached hereto at Exhibit 1.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) because this lawsuit is a civil action between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00). *See infra*.

8. This Notice of Removal is timely because it is filed within 30 days after ASIC was served with the Complaint.

9. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. §1446(d). Pursuant to Fed.

R. Civ. P. 5(d), the Removing Defendants concurrently file with this Court a Certificate of Service of this Notice of Removal to the adverse parties.

10. Concurrent with the filing of this Notice of Removal, the Removing Defendants are filing a Notice of Filing of Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County in accordance with 28 U.S.C. §1446(d).

11. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 2 U.S.C. §1446(a).

12. Plaintiffs commenced the subject lawsuit (*i.e.*, the State Court Action) in a state court and the subject lawsuit is pending at a place within the district and division of this Honorable Court.

13. The Removing Defendants submit this Notice of Removal subject to and without waiving any defenses and rights available to them.

14. The Removing Defendants submit this Notice of Removal without admitting any of the allegations in Plaintiffs' Complaint in the State Court Action.

## II.     COMPLETE DIVERSITY

15. Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

16. As alleged in the Complaint, Plaintiffs "resid[e] at" the address identified in the caption as 2823 West Main Street Hillsville, PA 16132 (Exhibit 1, Complaint at ¶ 1); therefore, Plaintiffs are Pennsylvania citizens for diversity purposes. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) ("A natural person is deemed to be a citizen of the state where she is domiciled.") (citation omitted).

17. Removing Defendants submit that, as set forth *supra* in footnote 1, "Assurant Specialty" is not a corporate entity; Assurant Specialty is a name used at ASIC to refer to a business division of ASIC. Thus, it is not a properly named defendant and its citizenship is moot for purposes of removal pursuant to diversity jurisdiction. 28 U.S.C. § 1441(b)(1) ("The citizenship of defendants sued under fictitious names shall be disregarded."); *When Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019) (if there is no corporate existence the "entity" is considered a nominal party to be disregarded in the diversity analysis).

18. Even assuming *arguendo* that Assurant Specialty's citizenship is relevant to the instant removal, Plaintiffs' allegations in the Complaint aver that Defendant Assurant Specialty "is a corporation … and maintains a place of business" at the address identified in the caption as "PO Box 5708 Springfield, OH 45501." Exhibit 1, Complaint at ¶ 2.

19. Therefore, Assurant Specialty would be an Ohio citizen for diversity purposes. *See Swiger, supra* ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.") (citation omitted).

20. ASIC is a corporation that maintains its principal place of business in Georgia.

21. ASIC is incorporated in the state of Delaware. *See* Exhibit 2.

22. Therefore, ASIC is a citizen of Delaware and Georgia. *See Swiger, supra*.

23. Upon information and belief, Rocket is a Michigan limited liability company (*see* Exhibit 3) which "maintains a place of business for that purpose at the address" identified in the caption as 1050 Woodward Avenue Detroit, MI 48226. Exhibit 1, Complaint at ¶ 4.

24. Upon information and belief, all members of Rocket are organized under the laws of a state other than the Commonwealth of Pennsylvania and have principal places of business other than in the Commonwealth of Pennsylvania.

25. No Removing Defendant is a citizen of the Commonwealth of Pennsylvania where the State Court Action was filed.

26. Accordingly, there is complete diversity between the Plaintiffs and the State Court Defendants.

### III. AMOUNT IN CONTROVERSY

27. In the State Court Action, Plaintiffs claim damages in excess of seventy-five thousand dollars ($75,000.00).

28. Plaintiffs allege they suffered damage to the Property as defined in the Complaint and attach an estimate of loss in the amount of $468,659.52 for Defendants' alleged refusal "to pay to Plaintiff[] monies owed for the damages suffered as a result of the Loss." Exhibit 1, Complaint at ¶¶ 6-8; *see also* Exhibit A to Complaint.

### IV. CONCLUSION

29. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because the procedural requirements for removal have been satisfied, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Dated: March 4, 2026                    Respectfully submitted,

CLARK HILL PLC

*/s/ Jessica D. Reilly, Esquire*
Jessica D. Reilly, Esquire
Pa. I.D. No. 324575
jreilly@clarkhill.com
Ashley L. Buck, Esquire
Pa. I.D. No. 320537
abuck@clarkhill.com

2001 Market Street, Suite 2620
Two Commerce Square
Philadelphia, PA  19103
Tel: 215-640-8500

*Attorneys for Defendants,*
*American Security Insurance Company and*
*Assurant Specialty*

## **CERTIFICATE OF SERVICE**

I certify that on the date set forth below, the foregoing was electronically filed pursuant to the Court's ECF system and that the documents are available for downloading and viewing from the ECF system. Notice of this filing will be sent to all parties by operation of the ECF system and to all unrepresented parties by first-class mail as follows:

Rocket Mortgage, LLC
1050 Woodward Avenue
Detroit, MI 48226-1906

Dated: March 4, 2026                          By: <u>Jessica D. Reilly, Esq.</u>
                                                  *Jessica D. Reilly, Esq.*